UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE THE APPLICATION OF THE BALTIMORE SUN FOR ACCESS TO CERTAIN SEALED COURT RECORDS | 18-CV-2444-CCB |

**UNITED STATES RESPONSE TO APPLICATION OF THE BATLIMORE SUN FOR ACCESS TO CERTAIN SEALED COURT RECORDS**

The United States of America, by its undersigned counsel, hereby files this response to the Application of the Baltimore Sun for Access to Certain Sealed Court Records (Document No. 1, filed August 10, 2018).

Following the conference call convened by the Court on September 18, 2018, counsel for the United States contacted counsel for the Baltimore Sun and proposed that the Government unseal the documents identified in the Application fourteen (14) days after the conclusion of the trial in *United States v. Snell*, Cr. No. 17-602.  The *Snell* trial which is scheduled to begin on October 29, 2018, and anticipated to conclude by November 2, 2018.  Assuming the *Snell* trial ends by November 2, 2018, the United States shall release the documents covered by the Application by November 16, 2018.

This schedule will allow the United States to review the documents covered by the Application and make appropriate redactions.  As counsel for the United States stated on the conference call, the United States will file motions to unseal redacted versions of the documents covered by the Application and shall file redacted versions of the documents with those motions to unseal.  To protect the privacy of those involved, the Government will redact all personally identifiable information – e.g., email addresses, home addresses, telephone numbers, and names

of uncharged individuals and uncharged entities from the documents that are subject to unsealing at that time.[1] The United States will also redact any information in the documents that are subject to unsealing that reveals any on-going law enforcement investigation, to the extent any such investigation or investigations exist at that time.

Counsel for the Baltimore Sun agrees to this release schedule.

Respectfully submitted,

Robert K. Hur
United States Attorney

By: _____
Leo J. Wise
Derek E. Hines
Assistant United States Attorneys

Dated: September 26, 2018

### CERTIFICATE OF SERVICE

I hereby certify that this filing was served on defense counsel via ECF electronic filing.

By: _____
Leo J. Wise
Assistant United States Attorney

---

[1] There is ordinarily no legitimate governmental interest served by the government's public allegation of wrongdoing by an uncharged party. *See, e.g., In re Smith*, 656 F.2d 1101, 1106-07 (5th Cir. 1981). Courts have applied this reasoning to preclude the public identification of unindicted third-party wrongdoers in plea hearings, sentencing memoranda, and other government pleadings. *See, e.g., Finn v. Schiller*, 72 F.3d 1182 (4th Cir. 1996); *United States v. Briggs*, 513 F.2d 794 (5th Cir. 1975); *United States. v Anderson*, 55 F.Supp.2d 1163 (D. Kan 1999); *United States v. Smith*, 992 F. Supp. 743 (D.N.J. 1998).

of uncharged individuals and uncharged entities from the documents that are subject to unsealing at that time.[1] The United States will also redact any information in the documents that are subject to unsealing that reveals any on-going law enforcement investigation, to the extent any such investigation or investigations exist at that time.

Counsel for the Baltimore Sun agrees to this release schedule.

Respectfully submitted,

Robert K. Hur
United States Attorney

By: _____
Leo J. Wise
Derek E. Hines
Assistant United States Attorneys

Dated: September 26, 2018

### CERTIFICATE OF SERVICE

I hereby certify that this filing was served on defense counsel via ECF electronic filing.

By: _____
Leo J. Wise
Assistant United States Attorney

---

[1] There is ordinarily no legitimate governmental interest served by the government's public allegation of wrongdoing by an uncharged party. *See, e.g., In re Smith*, 656 F.2d 1101, 1106-07 (5th Cir. 1981). Courts have applied this reasoning to preclude the public identification of unindicted third-party wrongdoers in plea hearings, sentencing memoranda, and other government pleadings. *See, e.g., Finn v. Schiller*, 72 F.3d 1182 (4th Cir. 1996); *United States v. Briggs*, 513 F.2d 794 (5th Cir. 1975); *United States. v Anderson*, 55 F.Supp.2d 1163 (D. Kan 1999); *United States v. Smith*, 992 F. Supp. 743 (D.N.J. 1998).