UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE THE APPLICATION OF THE BALTIMORE SUN FOR ACCESS TO CERTAIN SEALED COURT RECORDS | 18-CV-2444-CCB<br><br>Related To Misc. Nos.<br>16-152<br>16-189<br>16-306<br>16-307<br>16-mc-633<br>16-641<br>16-mc-363<br>16-mc-634<br>16-mc-744<br>16-778<br>16-2035-ADC<br>16-2103-JMC<br>16-2238-SAG<br>16-2855-BPG<br>16-3369-SAG<br>17-158<br>17-159<br>17-587-SAG to 17-601-SAG<br>17-602-SAG<br>17-623-SAG<br>17-624-SAG |

## **MOTION TO UNSEAL**

The United States of America, by its undersigned counsel, hereby files this motion to unseal certain records sought in the Application of the Baltimore Sun for Access to Certain Sealed Court Records (Document No. 1, filed August 10, 2018). The Application requested that the Government unseal three categories of documents related to the investigation of the Baltimore Police Department's Gun Trace Task Force conducted by undersigned counsel: (1) "search warrant materials"; (2) "PR/TT Materials," referring to pen register and trap and trace devices; and (3) "Section 2703(d) Materials."

In its response to the Baltimore Sun's application, the United States indicated that it would unseal the documents covered by the Application by November 16, 2018 (Document No. 6, filed September 26, 2018). The Baltimore Sun agreed to this release date and the Court approved it via a marginal order on October 12, 2018 (Document No. 7).

Attached to this filing are redacted versions of the documents that the Application seeks to unseal. To protect the privacy of those involved, the Government has redacted all personally identifiable information – e.g., email addresses, home addresses, telephone numbers, and names of uncharged individuals and uncharged entities from the documents that are subject to unsealing at that time.[1]

        Respectfully submitted,

        Robert K. Hur
        United States Attorney

By: _____
        Leo J. Wise
        Derek E. Hines
        Assistant United States Attorneys

Dated: November 16, 2018

## CERTIFICATE OF SERVICE

I hereby certify that this filing was served on defense counsel via ECF electronic filing.

By: _____
        Leo J. Wise
        Assistant United States Attorney

---

[1] There is ordinarily no legitimate governmental interest served by the government's public allegation of wrongdoing by an uncharged party. *See, e.g., In re Smith*, 656 F.2d 1101, 1106-07 (5th Cir. 1981). Courts have applied this reasoning to preclude the public identification of unindicted third-party wrongdoers in plea hearings, sentencing memoranda, and other government pleadings. *See, e.g., Finn v. Schiller*, 72 F.3d 1182 (4th Cir. 1996); *United States v. Briggs*, 513 F.2d 794 (5th Cir. 1975); *United States. v Anderson*, 55 F.Supp.2d 1163 (D. Kan 1999); *United States v. Smith*, 992 F. Supp. 743 (D.N.J. 1998).