AO 104 (Rev. 11/13) Tracking Warrant

FILED_____ ENTERED
LOGGED_____ RECEIVED

# UNITED STATES DISTRICT COURT
for the

District of Maryland

JAN 1 9 2017

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY_____DEPUTY

In the Matter of the Tracking of          )
*(Identify the person, property, or object to be tracked )*    )
The cellular phone bearing number (443) 224-0996    )
                                          )
                                          )
                                          )

Case No. 16-3369-SAG

## TRACKING WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government shows there is reason to believe that the person, property, or object described above has been involved in and likely will continue to be involved in the criminal activity identified in the application, and ☑ is located in this district;   ☐ is not now located in this district, but will be at execution;   ☐ the activity in this district relates to domestic or international terrorism;   ☐ other:

I find that the affidavit(s), and any recorded testimony, establish probable cause to believe that *(check the appropriate box)* ☑ using the object   ☐ installing and using a tracking device to monitor the location of the person, property, or object will satisfy the purpose set out in Fed. R. Crim. P. 41(c) for issuing a warrant.

☐ I find entry into the following vehicle or onto the following private property to be necessary without approval or knowledge of the owner, custodian, or user of the vehicle or property for installing, maintaining, and removing the tracking device:

**YOU ARE COMMANDED** to execute this warrant and begin using the object or installing the tracking device by _January 8, 2017_ *(not to exceed ten days)* and may continue use for _45_ days *(not to exceed 45)*. The tracking may occur within this district or another district. To install, maintain, or remove the device, you may enter *(check boxes as appropriate)*

☐ into the vehicle described above        ☐ onto the private property described above

☐ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night because good cause has been established.

Within 10 calendar days after the use of the tracking device has ended, the officer executing this warrant must both return it to *(United States Magistrate Judge)* _Duty Magistrate_ and — unless delayed notice is authorized below — serve a copy of the warrant on the person who, or whose property or object, was tracked.

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property or object, will be tracked *(check the appropriate box)*

☑ for _30_ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: _Dec. 29, 2016_
_3:19 pm_

*Judge's signature*

City and state:   Baltimore, Maryland

The Hon. Stephanie A. Gallagher, U.S. Magistrate Judge
*Printed name and title*

JKB-17-0106

TW-0212

AO 104 (Rev. 11/13)  Tracking Warrant (Page 2)

Case No. 16-3369·SAG

## Return of Tracking Warrant With Installation

1.   Date and time tracking device installed: _____

2.   Dates and times tracking device maintained: _____

3.   Date and time tracking device removed: _____

4.   The tracking device was used from *(date and time)*: _____

       to *(date and time)*: _____ .

Return of Tracking Warrant Without Installation

1.   Date warrant executed: _____

2.   The tracking information was obtained from *(date and time)*: _____

       to *(date and time)*: _____ .

Certification

I declare under the penalty of perjury that this return is correct and was returned along with the original warrant to the designated judge.

Date: _____          _____

                                                                 Executing officer's signature

                                                                 _____

                                                                 Printed name and title

AO 104 (Rev. 11/13)  Tracking Warrant

FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

# UNITED STATES DISTRICT COURT
## for the
### District of Maryland

JAN 1 9 2017

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

| | |
|---|---|
| In the Matter of the Tracking of<br>*(Identify the person, property, or object to be tracked)*<br>The cellular phone bearing number (443) 823-0866 | )<br>)<br>)<br>)<br>)<br>) |

Case No.  16-3370-SAG

## TRACKING WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government shows there is reason to believe that the person, property, or object described above has been involved in and likely will continue to be involved in the criminal activity identified in the application, and ☑ is located in this district;   ☐ is not now located in this district, but will be at execution;   ☐ the activity in this district relates to domestic or international terrorism;   ☐ other: _____

I find that the affidavit(s), and any recorded testimony, establish probable cause to believe that *(check the appropriate box)* ☑ using the object   ☐ installing and using a tracking device to monitor the location of the person, property, or object will satisfy the purpose set out in Fed. R. Crim. P. 41(c) for issuing a warrant.

☐ I find entry into the following vehicle or onto the following private property to be necessary without approval or knowledge of the owner, custodian, or user of the vehicle or property for installing, maintaining, and removing the tracking device:

**YOU ARE COMMANDED** to execute this warrant and begin using the object or installing the tracking device by ___January 8, 2017___ *(not to exceed ten days)* and may continue use for __45__ days *(not to exceed 45)*. The tracking may occur within this district or another district. To install, maintain, or remove the device, you may enter *(check boxes as appropriate)*

☐ into the vehicle described above      ☐ onto the private property described above

☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Within 10 calendar days after the use of the tracking device has ended, the officer executing this warrant must both return it to *(United States Magistrate Judge)* __Duty Magistrate__ and — unless delayed notice is authorized below — serve a copy of the warrant on the person who, or whose property or object, was tracked.

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property or object, will be tracked *(check the appropriate box)*
☑ for __30__ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____

Date and time issued:  Dec. 29, 2016
3:50pm

_____
*Judge's signature*

City and state:  __Baltimore, Maryland__

The Hon. Stephanie A. Gallagher, U.S. Magistrate Judge
*Printed name and title*

①

JKB-17-0106

TW-0214

AO 104 (Rev. 11/13) Tracking Warrant (Page 2)

Case No.                    16-3370-SAG

### Return of Tracking Warrant With Installation

1.  Date and time tracking device installed:                    _____

2.  Dates and times tracking device maintained:                    _____

3.  Date and time tracking device removed:                    _____

4.  The tracking device was used from *(date and time)*:                    _____

    to *(date and time)*:                    _____.

### Return of Tracking Warrant Without Installation

1.  Date warrant executed:                    _____

2.  The tracking information was obtained from *(date and time)*:                    _____

    to *(date and time)*:                    _____.

### Certification

I declare under the penalty of perjury that this return is correct and was returned along with the original warrant to the designated judge.


Date: _____            _____
                                                    Executing officer's signature

                                         _____
                                                    Printed name and title

AO 104 (Rev. 11/13) Tracking Warrant

# UNITED STATES DISTRICT COURT

FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

for the

District of Maryland

JAN 1 9 2017

| | | |
|---|---|---|
| In the Matter of the Tracking of | ) | |
| *(Identify the person, property, or object to be tracked)* | ) | |
| The cellular phone bearing number (443) 559-1201 | ) | Case No.  16·3371·SAG |
| | ) | |
| | ) | |
| | ) | |

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

## TRACKING WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government shows there is reason to believe that the person, property, or object described above has been involved in and likely will continue to be involved in the criminal activity identified in the application, and ☑ is located in this district; ☐is not now located in this district, but will be at execution; ☐ the activity in this district relates to domestic or international terrorism; ☐other:

I find that the affidavit(s), and any recorded testimony, establish probable cause to believe that *(check the appropriate box)* ☑ using the object     ☐ installing and using a tracking device to monitor the location of the person, property, or object will satisfy the purpose set out in Fed. R. Crim. P. 41(c) for issuing a warrant.

☐ I find entry into the following vehicle or onto the following private property to be necessary without approval or knowledge of the owner, custodian, or user of the vehicle or property for installing, maintaining, and removing the tracking device:

**YOU ARE COMMANDED** to execute this warrant and begin using the object or installing the tracking device by ___January 8, 2017___ *(not to exceed ten days)* and may continue use for ___45___ days *(not to exceed 45)*. The tracking may occur within this district or another district. To install, maintain, or remove the device, you may enter *(check boxes as appropriate)*

☐ into the vehicle described above        ☐ onto the private property described above

☐ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night because good cause has been established.

Within 10 calendar days after the use of the tracking device has ended, the officer executing this warrant must both return it to *(United States Magistrate Judge)*   ___Duty Magistrate___   and — unless delayed notice is authorized below — serve a copy of the warrant on the person who, or whose property or object, was tracked.

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property or object, will be tracked *(check the appropriate box)*
☑ for ___30___ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  Dec. 29, 2016
                        3:51 pm

Judge's signature

City and state:   Baltimore, Maryland

The Hon. Stephanie A. Gallagher, U.S. Magistrate Judge
*Printed name and title*

①

AO 104 (Rev. 11/13)  Tracking Warrant (Page 2)

Case No.  16-3371-SAG

## Return of Tracking Warrant With Installation

1.  Date and time tracking device installed: _____

2.  Dates and times tracking device maintained: _____

3.  Date and time tracking device removed: _____

4.  The tracking device was used from *(date and time)*: _____

    to *(date and time)*: _____.

Return of Tracking Warrant Without Installation

1.  Date warrant executed: _____

2.  The tracking information was obtained from *(date and time)*: _____

    to *(date and time)*: _____.

Certification

I declare under the penalty of perjury that this return is correct and was returned along with the original warrant to the designated judge.

Date: _____          _____
                                        Executing officer's signature

                                     _____
                                        Printed name and title

AO 103 (01/09) Order Requiring Assistance in Executing a Tracking Warrant (Under Seal)

FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

# UNITED STATES DISTRICT COURT
for the
District of Maryland

JAN 1 9 2017

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

In the Matter of the Tracking of
*(Describe the object or property to be used for tracking)*

The cellular phone bearing number (443) 224-0996

)
)
)
)
)
)
)
)
)

Case No. 16 - 3369 - SAG

## ORDER REQUIRING ASSISTANCE IN EXECUTING A TRACKING WARRANT
*(Under Seal)*

To:  AT&T, its affiliates, or any other service provider for the above-captioned cellular telephone.

An application has been made by a federal law enforcement officer or an attorney for the government to direct you to provide facilities or other assistance, or both, in executing the tracking warrant issued in this case. The court finds the assistance to be necessary.

**IT IS ORDERED:** You and your agents and employees must provide assistance in executing the tracking warrant to the following government agency and agents,  FBI _____ , by providing facilities and installing, operating, and monitoring any tracking devices or also by  provision of real-time location information of the above cellular telephone, by cell-site or GPS, by whatever name it is known.  during the time allowed by the tracking warrant. You may be compensated for reasonable expenses incurred in providing facilities and assistance.

This order is **sealed**. You and your agents and employees must not disclose the existence of this order, of the tracking warrant, or of the investigation to any person until the person whose object or property was tracked has been notified by the government or until authorized to do so by the court.

Date:  Dec. 29, 2016

_____
*Judge's signature*

The Hon. Stephanie A. Gallagher, U.S. Magistrate Judge
*Printed name and title*

(4)

JKB-17-0106                                                                                 TW-0218

AO 103 (01/09) Order Requiring Assistance in Executing a Tracking Warrant (Under Seal)

_____FILED_____ENTERED
_____LOGGED_____RECEIVED

# UNITED STATES DISTRICT COURT
## for the
### District of Maryland

JAN 1 9 2017

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

In the Matter of the Tracking of                )
*(Describe the object or property to be used for tracking)*   )
The cellular phone bearing number (443) 823-0866   )
                                                )     Case No.  16 - 3370 - SAG
                                                )
                                                )
                                                )
                                                )
                                                )

## ORDER REQUIRING ASSISTANCE IN EXECUTING A TRACKING WARRANT
### *(Under Seal)*

To:  AT&T, its affiliates, or any other service provider for the above-captioned cellular telephone.

        An application has been made by a federal law enforcement officer or an attorney for the government to direct you to provide facilities or other assistance, or both, in executing the tracking warrant issued in this case.  The court finds the assistance to be necessary.

        **IT IS ORDERED:**  You and your agents and employees must provide assistance in executing the tracking warrant to the following government agency and agents,   FBI                                                                                ,
by providing facilities and installing, operating, and monitoring any tracking devices or also by   provision of real-time location information of the above cellular telephone, by cell-site or GPS, by whatever name it is known.
during the time allowed by the tracking warrant.  You may be compensated for reasonable expenses incurred in providing facilities and assistance.

        This order is **sealed**.  You and your agents and employees must not disclose the existence of this order, of the tracking warrant, or of the investigation to any person until the person whose object or property was tracked has been notified by the government or until authorized to do so by the court.

Date:   Dec 29, 2016                              _____
                                                           *Judge's signature*

                                                The Hon. Stephanie A. Gallagher, U.S. Magistrate Judge
                                                _____
                                                        *Printed name and title*

④

JKB-17-0106                                                                        TW-0219

AO 103 (01/09) Order Requiring Assistance in Executing a Tracking Warrant (Under Seal)

_____ FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

# UNITED STATES DISTRICT COURT
for the
District of Maryland

JAN 1 9 2017

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

| | |
|---|---|
| In the Matter of the Tracking of<br>*(Describe the object or property to be used for tracking)*<br>The cellular phone bearing number (443) 559-1201 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.  16-3371-SAG

## ORDER REQUIRING ASSISTANCE IN EXECUTING A TRACKING WARRANT
### *(Under Seal)*

To:  T-Mobile, its affiliates, or any other service provider for the above-captioned cellular telephone.

An application has been made by a federal law enforcement officer or an attorney for the government to direct you to provide facilities or other assistance, or both, in executing the tracking warrant issued in this case.  The court finds the assistance to be necessary.

**IT IS ORDERED:**  You and your agents and employees must provide assistance in executing the tracking warrant to the following government agency and agents,  FBI                                                              ,
by providing facilities and installing, operating, and monitoring any tracking devices or also by   provision of real-time location information of the above cellular telephone, by cell-site or GPS, by whatever name it is known.
during the time allowed by the tracking warrant.  You may be compensated for reasonable expenses incurred in providing facilities and assistance.

This order is **sealed**.  You and your agents and employees must not disclose the existence of this order, of the tracking warrant, or of the investigation to any person until the person whose object or property was tracked has been notified by the government or until authorized to do so by the court.

Date: Dec. 29, 2016

_____
*Judge's signature*

The Hon. Stephanie A. Gallagher, U.S. Magistrate Judge
*Printed name and title*

JKB-17-0106

TW-0220

AO 102 (01/09) Application for a Tracking Warrant

# UNITED STATES DISTRICT COURT

FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

for the

### District of Maryland

JAN 1 9 2017

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

In the Matter of the Tracking of )
*(Identify the person to be tracked or describe* )
*the object or property to be used for tracking)* )
The cellular phone bearing number (443) 224-0996 )
)
)

Case No. 16-3369-SAG

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of

___21___ U.S.C. § ____846____ . Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

☑ The person, property, or object is located in this district.

☐ The person, property, or object is not now located in this district, but will be at the time of execution.

☐ The activity in this district relates to domestic or international terrorism.

☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

☑ evidence of a crime;

☑ property designed for use, intended for use, or used in committing a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ a person to be arrested or a person who is unlawfully restrained.

☐ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:

☑ Delayed notice of _30_ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

TFO John Sieracki, FBI
_____
*Applicant's printed name and title*

Sworn to before me and signed in my presence.

Date: Dec 29 2016

_____
*Judge's signature*

City and state: Baltimore, Maryland

Hon. Stephanie A. Gallagher, U.S. Magistrate Judge
_____
*Printed name and title*

AO 102 (01/09)  Application for a Tracking Warrant

# UNITED STATES DISTRICT COURT
### for the
### District of Maryland

FILED _____ ENTERED
LOGGED _____ RECEIVED

JAN 1 9 2017

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

In the Matter of the Tracking of
*(Identify the person to be tracked or describe
the object or property to be used for tracking)*
The cellular phone bearing number (443) 823-0866

)
)
)
)
)
)

Case No.   16 - 3370 - SAG

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of __21__ U.S.C. § __846__. Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

- ☑ The person, property, or object is located in this district.
- ☐ The person, property, or object is not now located in this district, but will be at the time of execution.
- ☐ The activity in this district relates to domestic or international terrorism.
- ☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

- ☑ evidence of a crime;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☐ a person to be arrested or a person who is unlawfully restrained.

☐ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

TFO John Sieracki, FBI
*Applicant's printed name and title*

Sworn to before me and signed in my presence.

Date: Dec. 29 2016

_____
*Judge's signature*

City and state:  Baltimore, Maryland

Hon. Stephanie A. Gallagher, U.S. Magistrate Judge
*Printed name and title*

AO 102 (01/09) Application for a Tracking Warrant

# UNITED STATES DISTRICT COURT

FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

for the
District of Maryland

JAN 1 9 2017

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

In the Matter of the Tracking of
*(Identify the person to be tracked or describe
the object or property to be used for tracking)*
The cellular phone bearing number (443) 559-1201

)
)
)
)
)
)

Case No. 16-3371-SAG

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of ___21__ U.S.C. § ___846___. Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

☑ The person, property, or object is located in this district.

☐ The person, property, or object is not now located in this district, but will be at the time of execution.

☐ The activity in this district relates to domestic or international terrorism.

☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

☑ evidence of a crime;

☑ property designed for use, intended for use, or used in committing a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ a person to be arrested or a person who is unlawfully restrained.

☐ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

TFO John Sieracki, FBI
*Applicant's printed name and title*

Sworn to before me and signed in my presence.

Date: Dec. 29, 2016

_____
*Judge's signature*

City and state: Baltimore, Maryland

Hon. Stephanie A. Gallagher, U.S. Magistrate Judge
*Printed name and title*

JKB-17-0106

TW-0223

_____ FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

JAN 1 9 2017

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN THE MATTER OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER (443) 224-0996 and (443) 823-0866 whose wireless service provider is AT&T Wireless, a company headquartered at 208 South Akard, 10th Floor, Dallas, Texas 75202 and (443) 559-1201 whose wireless service provider is T-Mobile, a company headquartered at 4 Sylvan Way, Parsippany, New Jersey 07054 | 16-3369-SAG  16-3370-SAG  16-3371-SAG  **Filed Under Seal** |

## AFFIDAVIT IN SUPPORT OF APPLICATIONS FOR TRACKING WARRANTS

## INTRODUCTION

I, John Sieracki, being duly sworn, depose and state as follows:

1.      I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Section 2516 of Title 18, United States Code.

2.      Your affiant, John Sieracki, has been a member of the Baltimore Police Department since September of 1992 and is currently assigned to the Federal Bureau of Investigation's (FBI) Public and Border Corruption Task Force. Your affiant successfully completed a six-month basic course of training that included instruction pertaining to Controlled Dangerous Substances (CDS). Your Affiant has attended more than eight advanced investigative courses. My prior assignments include uniformed patrol, District Operations Unit, Drug Enforcement Unit, The Intelligence Section, and The Internal Affairs Division. Your affiant has personally conducted and participated

3

in hundreds of investigations involving criminal activity including but not limited to CDS, violent crime, and firearms violations.   Your affiant has participated in the arrest of more than 2,000 persons for CDS violations, violent crime, and/or firearms violations and has authored and/or executed more than 200 search and seizure warrants relating to CDS, violent crime, and/or firearms violations.   Your affiant has also participated in hundreds of physical surveillances of suspected drug distributors and user. Your Affiant has received training in advanced surveillance techniques and has participated in the interception of both wire and electronic communication. During your Affiants career, I have conducted numerous interviews of suspected controlled dangerous substance distributors and users and am familiar with various methods and techniques used to package, transport, distribute and use controlled dangerous substances. Additionally, your Affiant has interviewed, handled and operated confidential human sources to investigate various criminal activities.

3.     Based on my training and experience, as well as conversations with other agents, your affiant knows that:

    a. Drug traffickers often possess CDS and currency in order to maintain and finance their ongoing drug business.  They also possess paraphernalia used in the manufacture, packaging, preparation, and weighing of CDS in preparation for trafficking.  Drug traffickers often possess these items on their person or keep them in locations where he or she has ready access to them, like a home or a vehicle;

    b. Drug traffickers often maintain firearms and ammunition in connection with their drug-trafficking activities, and that drug traffickers maintain these items where they have ready access to them, like a home or a vehicle;

    c. Drug traffickers often maintain financial records and financial instruments related to their drug transactions and the profits derived from those transactions including, but not limited to, currency, bank checks, cashier's checks, receipts, money orders, stocks, bonds, jewelry, precious metals, and bank and real estate records;

2

d.  Drug traffickers often maintain records of their drug transactions including, but not limited to, books, ledgers, records and other documents relating to the manufacture, transportation, possession, and distribution of CDS. Such documents are frequently maintained where the traffickers have ready access to them, like a home or a vehicle;

e.  Drug traffickers frequently maintain books, records and other documents that identify and contain the names, addresses and/or telephone numbers of associates in their drug-trafficking or money-laundering activities, including, but not limited to address books and notes and documents with telephone numbers,

f.  Drug traffickers commonly use and carry telephones and electronic devices which store names, addresses, and telephone numbers of coconspirators as well as electronic communications (like text messages) with coconspirators. These individuals often utilize cellular telephones to maintain contact with their associates using the internet and other applications on their phones;

g.  Drug traffickers commonly take or store photographs and videos of themselves, often on cellular telephone, with coconspirators and of their property, assets, and drugs;

h.  Drug traffickers commonly maintain identification and travel documents, including, but not limited to, tickets, transportation schedules, passports, notes and receipts related to travel, luggage tags, and motel/hotel receipts;

i.  Drug traffickers commonly use vehicles to move quantities of drugs and currency to other locations for storage and further distribution. Drug traffickers also store drugs and other evidence of the drug trafficking, like packaging materials and other paraphernalia, inside their vehicles.

j.  Drug traffickers often place communications devices, vehicles and other assets in names other than their own to avoid detection of these items by law enforcement officials, and that even though these items are in another entity's or person's name, the drug dealers actually own and continue to use these devices and assets and to exercise dominion and control over them;

k.  Evidence of property ownership and residence are often present in such premises;

l.  Drug traffickers commonly maintain the foregoing items where they have ready access to them, such as inside their homes and vehicles, as well as inside combination or key-lock safes or strong boxes, suitcases, storage lockers, safety deposit boxes, locked cabinets and other types of locked or

3

closed containers, and hidden compartments, for ready access and to conceal them from law enforcement authorities; and

m. That drug traffickers commonly maintain many of the aforementioned records in electronic format on their cellular telephones.

4. The statements contained in this affidavit are based in part on information provided by Special Agents and Task Force Officers (TFOs) of the Federal Bureau of Investigation (FBI), and from the review of written reports of investigations and from the review of reports of debriefings of sources of information and other witnesses.

5. I make this affidavit in support of an application for tracking warrants under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the GPS or latitude-longitude location of the cellular telephone assigned call numbers (443) 224-0996 ("Target Cell Phone 1") and (443) 823-0866 ("Target Cell Phone 3"), whose wireless service provider is AT&T Wireless, a company headquartered at 208 South Akard, 10th Floor, Dallas, Texas 75202, which is described in "ATTACHMENT A1 – PROVIDER WARRANT," and cellular telephone assigned call number (443) 559-1201 ("Target Cell Phone 2"), whose wireless service provider is T-Mobile, a company headquartered at 4 Sylvan Way, Parsippany, New Jersey 07054, which is described in "ATTACHMENT A2 – PROVIDER WARRANT," including prospective, real-time cell-site data and related location information.

6. One purpose of this application is to determine conclusively the location of Target Cell Phones1, Target Cell Phone 2, and Target Cell Phone 3. However, there is reason to believe that Target Cell Phone 1 and Target Cell Phone 3 is currently located in this district because, as described below, the user of Target Cell Phone 1 and Target Cell Phone 3 is a Baltimore Police Department Officer who lives in Parkville, Maryland. There is also reason to believe that Target

4

Cell Phone 2 is currently located in this district because, as described below, the user of Target Cell Phone 2 lives in Essex, Maryland.

7.     Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 21 U.S.C. § 841, possession with intent to distribute narcotics and Title 21 U.S.C. § 846, conspiracy to possess with intent to distribute narcotics, violations of Title 18 U.S.C. § 924(c), possession of a firearm in furtherance of a drug trafficking crime, and Title 18 U.S.C. § 922(k), transportation of a firearm with an obliterated or removed serial number, have been committed, are being committed, and will be committed by ███████ █ █████, ████████, the user of the Target Cell Phone 1 and Target Cell Phone 3, and █████ █ ████████), the user of Target Cell Phone 2. There is also probable cause to believe that the location of the Target Cell Phones will constitute evidence of those criminal violations, and will lead to the identification of individuals who are engaged in the commission of these offenses. Because this affidavit is being submitted for the limited purpose of securing a warrant for the information and authorization described below, I have not included each and every fact known to me concerning this investigation. Rather, I have set forth only the facts that I believe are necessary to establish probable cause for the issuance of those warrants.

## PROBABLE CAUSE

8.     During the month of December 2016, a Federal Bureau of Investigation (FBI), Baltimore Division, Confidential Human Source (CHS)[1] reported that a Baltimore Police

---

[1] Between 1988 and 2006, the CHS was arrested and charged with offenses including murder, kidnapping, and narcotics offenses. In 2002, the CHS plead guilty to racketeering and was sentenced to 232 months of imprisonment. In 2011, the CHS was convicted of felony fraud of identification documents and sentenced to thirty months. In 2015, the CHS was arrested and charged with felony theft, felony motor vehicle theft, and second degree assault but the case has been placed on the inactive docket. Several years ago, the CHS cooperated in an FBI investigation in another district including testifying against two defendants. The CHS began cooperating with the

5

Department (BPD) officer, whom the CHS identified as ███ ████' ██████, is using her official position as a law enforcement officer to help facilitate the sale and transportation of a controlled dangerous substance, namely marijuana. According to the CHS, ██████ is working with a male identified as ██ ██████ in this illegal distribution operation. Specifically, ██████ will drive the vehicle being used to transport ████████ and the marijuana from a stash house to a destination where ████████ intends to conduct a drug transaction. On occasion, ████████ is in possession of a handgun during the transactions. If during the transportation and sale of marijuana the vehicle is stopped by law enforcement officers, ████████ role in the criminal conspiracy is to display her police badge and identification and identify herself as a police officer. This action will cause the law enforcement officer(s) to cease their traffic stop and allow ████████, ████████, and the vehicle containing marijuana to leave with no further investigation being conducted. Thus, providing cover for ████████ during his illegal distribution of a controlled dangerous substance (CDS) and possible possession of an illegal firearm.

9.      The CHS reported that during the last week of December, s/he had a conversation with ████████ in which ████████ reported that ████████ and ████████ are planning a trip to Philadelphia, Pennsylvania on December 30, 2016, in order to pick up thirty-five pounds of marijuana that they intend to transport back to the Baltimore are. ████████ also told the CHS that ████████ and ████████ would be leaving the Baltimore area at approximately 9:30 a.m.;

---

FBI in Baltimore in August 2016 and since that time, has participated in three controlled purchases of narcotics in two pending drug investigations and has testified in front of the Grand Jury for one of the investigations. The CHS has also cooperated with the DEA in Baltimore. The CHS' is currently cooperating for monetary payment. Law enforcement believes the CHS to be reliable based on his cooperation in the pending FBI drug investigations.

JKB-17-0106                                                                                    TW-0229

that ███████ ) has made arrangements to pick up thirty-five (35) pounds of marijuana from a source of supply (SOS) in Philadelphia; ███████ ) will be driving a vehicle, preferably a Dodge Durango, which she intends to rent from an Enterprise Rental Car Company in Essex; that ███████ ) will be driving the vehicle in order to provide cover in the event they are stopped by law enforcement; that the SOS in Philadelphia is a Dominican male who works with a Mexican male who has a SOS in Atlanta, Georgia. The CHS reported that ███████ ) invited the CHS to accompany them (███████ ) and ███████ ) on the trip to Philadelphia.

10.     The CHS suspects that this transaction may have been orchestrated by and for ███████ . The CHS does not believe that ███████ ) has the money for, or knowledge of a SOS capable of delivering the quantity of marijuana ███████ ) had mentioned. The CHS believed ███████ ) would normally deal with smaller amounts of marijuana.

11.     The CHS reported that ███████ ) owns a 9mm handgun which had been given to him as gift by ███████ ) more than a year ago. ███████ ) removed the serial number on the handgun by "scratching it off." ███████ ) keeps the handgun in his apartment and occasionally takes the firearm with them (███████ ) and ███████ ) when they transport and/or distribute marijuana.

12.     ███████ ) also relayed to the CHS an incident from approximately one (1) year ago where ███████ ) and ███████ ) had left a nightclub, drove to ███████ s apartment in Essex, Maryland, retrieved a half (1/2) pound of marijuana and were on their way to conduct a sale when they were stopped by police on Route 702 near ███████ s apartment in Essex. ███████ ) immediately displayed her badge and identification and told the officer she was a police officer. The police officer said, "Have a good night" and let them go without further investigation. The CHS said that ███████ ) was laughing as he told the story because ███████ ) thought

JKB-17-0106

TW-0230

the incident was funny.  Additionally, ███████ had been in possession of his 9mm handgun at the time of this incident.

13.     The CHS provided investigators with three (3) photographs, taken from Facebook, of the individual s/he identified as ████ ████████. One of the photographs depicted a female wearing a BPD uniform. A name tag displayed on the uniform read "█. █. ████████. Your affiant, along with other investigators reviewed the photographs and identified the individual depicted as ████████, an activate duty police officer employed by the BALTIMORE POLICE DEPARTMENT (BPD).  ████████ was hired by the BPD on July 19, 2010, and according to BPD records is currently assigned to the Northwest District (NWD).

14.     The CHS reported that ████ ████████ was a Hispanic male, approximately 25 years old who lived at 1417 Strawflower Road, Apartment K, at the Hartland Apartments in Essex, Maryland and has a nickname of "B". The CHS believes that ████████ is employed as a custodian for a school in the Baltimore area. Through researching law enforcement databases, your Affiant along with investigators were able to identify ████ ████████, date of birth (DOB) ████████████ with an address of ███ ████████ ███, ████████ ██ ████████ ████, ████████ ████, having a Maryland driver's license number of ████████████, and a Maryland State Identification (SID) number of ████████.  Your Affiant believed that █████████████ is ████████, the user of Target Cell Phone 2.

15.     Your affiant along with other investigators conducted additional research which revealed that on May 25, 2013, members of the Ocean City, Maryland, Police Department (OCPD) were assisting Ocean City Emergency Medical Services (EMS) personnel with a sick individual at ███ █ ██ ████ ████, Ocean City, Maryland 21842. The incident was documented under CC# ███████████. During the OCPD's investigation, an amount of suspected marijuana was observed

8

and recovered in a second floor bedroom by one of the police officers. The suspected marijuana was submitted by the officer to the OCPD to be subsequently destroyed. No one was charged in relation to the suspected marijuana. During the investigation there were several people located inside of the apartment in addition to the sick individual. Two of the individuals inside of the location were positively identified by the officers as ██████ ██████, ████████ and ████ ████████.

16.     A query of BPD databases revealed that ████████ provided her employer with Target Cell Phone 1. Additionally, open source information indicates that Target Cell Phone 1 is associated with ████████.

17.     Additionally, ████████ provided Target Cell Phone 3 on July 12, 2016 during a report of injury to workers compensation, during a claim, which occurred while working with the BPD.

18.     The CHS provided Target Cell Phone 2 as ████████s cell phone.  Target Cell Phone 2 was queried through the Maryland State Correctional Institution's (MCSI) telephone recording system. It was revealed that this number has been in routine contact with an inmate named ████ ██████ ████████ who is serving a fifteen year sentence for an April 8, 2010, conviction for first degree assault and a handgun in the use of a felony / violent crime. Specifically, your affiant reviewed a recorded call which occurred on December 5, 2016, at approximately 1:00 p.m., to Target Cell Phone 2. ██████ ████████, and a male using Target Cell Phone 2, discussed many issues during the call.  At one point during the conversation, ██████ ████████ asked how ████████' was doing. The two began discuss ████████' and the relationship between her and the male using Target Cell Phone 2. Your Affiant believes that this male using Target Cell Phone 2 was ████ ████████ and '████' is a reference about ████████.

9

19.     On December 28, 2016, at 3:45 p.m. the CHS reported the following information to Task Force Officer (TFO) Mark Williams. The CHS recently spoke with ███████ who advised the CHS that ████████ did not want the CHS traveling with them Philadelphia. ███████ researched the CHS and found that s/he had been a past cooperator for the federal government in relation to an investigation of the Latin King Gang.

20.     At that time, the CHS was provided with an audio recording device in order to participate in consensually recorded conversation with ███████.

21.     On December 28, 2016, the CHS contacted TFO Williams and stated, "Got him boss, he spoke up a storm, and basically admitted she was doing this for big money and does runs for several connects in bmore. Not just weed, but heroin as well, at a few times coke. He said he wasn't worry about me and was gonna tell her it was cool for me to go but if she don't agree, that there wasn't much he could do. But I got him on the recorder."

22.     On December 29, 2016, at 8:40 a.m. TFO Williams met with the CHS to recover the audio recording device The CHS reported the following information. The CHS met with ███████ at ███████s apartment in Essex during the evening hours of December 28, 2016. The two had a conversation about ███████. ███████ advised that ███████ is "making serious paper and has major ties into a lot of plugs." ███████ said that he has known ███████ "move" kilogram amounts of heroin and is also sending money out of the country. ███████ told the CHS that the SOS in Philadelphia is associated with ███████. ███████ advised the CHS that he (███████) would be receiving two (2) pounds of marijuana for going on the trip with ███████.

23.     Your Affiant believes that the statement "making serious paper and has major ties into a lot of plugs." means that ███████ is earning a lot of money from her involvement in illegal

10

activity and the she has access to multiple major SOS. Your affiant also believes that "move" refers to the transportation and or sale of CDS.

24.     Your Affiant reviewed that audio recordings which were captured on December 28, 2016. The following is a synopsis of the recordings.

12/28/16 at 4:34:50 p.m. – 7 second recording – noise only, no voice captured

12/28/16 at 9:29:11 p.m. – 6 second recording – background music, no voice captured

12/28/16 at 9:29:26 p.m. – 5 second recording – noise only, no voice captured

25.     In my training and experience, I have learned that cellular phones communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular phone broadcasts certain signals to the cellular tower that is routing its communication. Law enforcement may monitor these signals when cellular phones initiate or receive calls, and may also initiate a communication with the Target Cell Phones in order to cause it to emit signals. By collecting these signals, law enforcement can relatively precisely determine the location of the cellular telephone itself.

26.     In my training and experience, I have learned that AT&T Wireless and T-Mobile are companies that provide cellular telephone access to the general public.  I also know that, as a general matter, providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data; and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by

11

triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

27.     Based on my training and experience, I know that AT&T Wireless can provide information about the location of Target Cell Phone 1 using cell-site data and E-911 Phase II data, GPS data, or other more precise latitude-longitude data. I also know that T-Mobile can provide information about the location of Target Cell Phone 2 using cell-site data and E-911 Phase II data, GPS data, or other more precise latitude-longitude data.

## AUTHORIZATION REQUEST

28.     Based on the foregoing, I request that the Court also issue the proposed tracking warrant (the Provider Warrant) for GPS, Precision Location, or latitude-longitude data, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c) and prospective cell-site data pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

29.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection of information authorized by the warrant has been completed. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phones would seriously jeopardize the ongoing

12

investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, flee from prosecution, and otherwise jeopardize the investigation. *See* 18 U.S.C. § 3103a(b)(1). The warrants do not authorize the interception of any telephone calls, text messages, or Internet data, and the warrants prohibit the seizure of any tangible property. Moreover, to the extent that the warrants do authorize the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the collection of cell-site and related location information, and for the use of the electronic investigative technique described in "ATTACHMENT B1 – LAW ENFORCEMENT WARRANT," and "ATTACHMENT B2 – LAW ENFORCEMENT WARRANT," as required pursuant to the statutory delayed notification provision. *See* 18 U.S.C. § 3103a(b).

30.     I further request that the Court authorize execution of the Law Enforcement Warrant at any time of day or night, owing to the potential need to locate the Target Cell Phones outside of daytime hours.

31.     I further request that the Court order that all papers in support of this application, including the affidavit and tracking warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

13

16-3369·SAG
16-3370·SAG
16-3371-SAG

32.   A tracking warrant may not be legally necessary to compel the investigative technique described in "ATTACHMENT B1 – LAW ENFORCEMENT WARRANT" and "ATTACHMENT B2 – LAW ENFORCEMENT WARRANT."   Nevertheless, I hereby submit the warrant application out of an abundance of caution.

Respectfully submitted,

John Sieracki
Task Force Officer
Federal Bureau of Investigation

Subscribed and sworn to before me

On: Dec 29, 2016

THE HONORABLE STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

14

## ATTACHMENT A1 – PROVIDER WARRANT

### Property to Be Tracked

1. The cellular telephone assigned call number (443) 224-0996 ("Target Cell Phone 1"), and any other telephones assigned to the same telephone number, whose wireless service provider is AT&T Wireless, a company headquartered at 208 South Akard, 10th Floor, Dallas, Texas 75202.

2. The cellular telephone assigned call number **(443) 823-0866** ("Target Cell Phone 3"), and any other telephones assigned to the same telephone number, whose wireless service provider is AT&T Wireless, a company headquartered at 208 South Akard, 10th Floor, Dallas, Texas 75202

Information about the location of Target Cell Phone 1 and Target Cell Phone 3 that is within the possession, custody, or control of AT&T Wireless including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B1– PROVIDER WARRANT

### Particular Things to be Seized

All information about the location of Target Cell Phone 1 and Target Cell Phone 3 described in Attachment A1 for a period of forty-five days, during all times of day and night. "Information about the location of Target Cell Phone 1 and Target Cell Phone 3" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of AT&T Wireless, AT&T Wireless is required to disclose the Location Information to the government. In addition, AT&T Wireless must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with AT&T Wireless' services, including by initiating a signal to determine the location of Target Cell Phone 1 and Target Cell Phone 3 on AT&T Wireless' network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate AT&T Wireless for reasonable expenses incurred in furnishing such facilities or assistance.

Subscriber identity, including the name, address, local and long distance telephone connection records, length of service (including start date) and types of service utilized, telephone or instrument number or other subscriber number or identity, make and model, and

2

means and source of payment for such service (including any credit card or bank account

number), for Target Cell Phone 1 and Target Cell Phone 3.

This warrant does not authorize the seizure of any tangible property.  In approving this

warrant, the Court finds reasonable necessity for the seizure of the Location Information.  *See* 18

U.S.C. § 3103a(b)(2)

3

## ATTACHMENT A2 – PROVIDER WARRANT

### Property to Be Tracked

1. The cellular telephone assigned call number (443) 559-1201 ("Target Cell Phone 2"), and any other telephones assigned to the same telephone number, whose wireless service provider is T-Mobile, a company headquartered at 4 Sylvan Way, Parsippany, New Jersey 07054.

Information about the location of Target Cell Phone 2 that is within the possession, custody, or control of T-Mobile including information about the location of the cellular telephone if it is subsequently assigned a different call number.

JKB-17-0106

TW-0241

## ATTACHMENT B2– PROVIDER WARRANT

### Particular Things to be Seized

All information about the location of Target Cell Phone 2 described in Attachment A2 for a period of forty-five days, during all times of day and night. "Information about the location of Target Cell Phone 2" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A2.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-Mobile, T-Mobile is required to disclose the Location Information to the government.  In addition, T-Mobile must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-Mobile's services, including by initiating a signal to determine the location of Target Cell Phone 2 on T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.  The government shall compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

Subscriber identity, including the name, address, local and long distance telephone connection records, length of service (including start date) and types of service utilized, telephone or instrument number or other subscriber number or identity, make and model, and

JKB-17-0106

TW-0242

means and source of payment for such service (including any credit card or bank account number), for Target Cell Phone 2.

This warrant does not authorize the seizure of any tangible property.  In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information.  *See* 18 U.S.C. § 3103a(b)(2)

6

JKB-17-0106

TW-0243

———— FILED————— ENTERED
———— LOGGED———— RECEIVED

JAN **1 9** 2017

## THE UNITED STATES DISTRICT COURT FOR THE <u>DISTRICT OF MARYLAND</u>

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

| | |
|---|---|
| IN THE MATTER OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER **(443) 224-0996** and **(443) 823-0866** whose wireless service provider is AT&T Wireless, a company headquartered at 208 South Akard, 10th Floor, Dallas, Texas 75202 and **(443) 559-1201** whose wireless service provider is T-Mobile, a company headquartered at 4 Sylvan Way, Parsippany, New Jersey 07054 | 16- 3369- SAG<br><br>16 - 3370 - SAG<br><br>16 · 3371- SAG<br><br>_____<br><br><u>Filed Under Seal</u> |

## <u>GOVERNMENT'S MOTION TO SEAL TRACKING WARRANTS</u>

The United States of America, by and through the United States Attorney for the District of Maryland, and Assistant United States Attorney Derek E. Hines, respectfully moves this Honorable Court, for entry of an Order sealing the warrants issued for the above-captioned phone numbers, as well as the warrant applications, the supporting affidavit signed by FBI TFO John Sieracki, and sealing this Motion and this Court's Order sealing these matters, and in support thereof states as follows:

The affidavit in support of the warrant relies upon information provided by witnesses who have not been publically disclosed as well as from an investigative technique the order for which remains sealed.   The investigation is ongoing, and release of the warrant and affidavit to the public before the conclusion of the grand jury investigation, could jeopardize the ability of federal authorities to proceed with this investigation.

Accordingly, the government asks this Court to issue an Order sealing the warrant and all attachments thereto, the application for the warrant, the affidavit in support of the warrant, the subsequent tracking warrant returns, this Motion and this Court's Order sealing these matters.





WHEREFORE, the United States of America prays that this Honorable Court issue an Order sealing the Warrants issued for the above-captioned phone numbers, as well as the warrant applications, the supporting affidavit signed by FBI TFO John Sieracki, and sealing this Motion and this Court's Order sealing these matters until further order of this Court.


Date: December 29, 2016

Respectfully submitted,

ROD J. ROSENSTEIN
UNITED STATES ATTORNEY

By:    _____

Derek E. Hines
Assistant U.S. Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800

2

FILED _____ ENTERED
LOGGED _____ RECEIVED

JAN **1 9** 2017

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

## THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MARYLAND

| | |
|---|---|
| IN THE MATTER OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER **(443) 224-0996** and **(443) 823-0866** whose wireless service provider is AT&T Wireless, a company headquartered at 208 South Akard, 10th Floor, Dallas, Texas 75202 and **(443) 559-1201** whose wireless service provider is T-Mobile, a company headquartered at 4 Sylvan Way, Parsippany, New Jersey 07054 | 16 - 3369 - SA6 16 - 3370 - SA6 16 - 3371 - SA6 **Filed Under Seal** |

### ORDER

Upon review of the Motion of the United States of America, the Court hereby adopts the government's proffer of the reasons for sealing as presented therein, and it is this 29th day of December 2016, **ORDERED** that the Applications, Warrants, Affidavit and the supporting documents in the above-captioned matter, be placed under seal until further order of this Court.

It is further **ORDERED** that the Clerk of the Court provide a copy of this Order to the United States Attorney's Office.

The Honorable Stephanie A. Gallagher
United States Magistrate Judge

3