___ FILED ___ ENTERED
___ LOGGED ___ RECEIVED

NOV 15 2019

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE THE APPLICATION OF THE BALTIMORE SUN FOR ACCESS TO CERTAIN SEALED COURT RECORDS | 18-CV-2444-CCB<br><br>Related To Misc. No. 16-mc-361 |

## MOTION TO UNSEAL

The United States of America, by its undersigned counsel, hereby files this motion to unseal certain records sought by the Baltimore Sun. On August 10, 2018, the Baltimore Sun filed a motion for access to certain sealed court records (Document No. 1, filed August 10, 2018). The Application requested that the Government unseal three categories of documents related to the investigation of the Baltimore Police Department's Gun Trace Task Force conducted by undersigned counsel: (1) "search warrant materials"; (2) "PR/TT Materials," referring to pen register and trap and trace devices; and (3) "Section 2703(d) Materials."

In its response to the Baltimore Sun's application, the United States moved to unseal these records on November 16, 2018. Since that time, the Baltimore Sun has asked for additional records to be unsealed, which are the subject of this motion.

Accordingly, attached to this filing are redacted versions of the additional documents that the Baltimore Sun seeks to unseal. To protect the privacy of those involved, the Government has redacted all personally identifiable information – e.g., email addresses, home addresses, telephone

numbers, and names of uncharged individuals and uncharged entities from the documents that are subject to unsealing at that time.[1]

Respectfully submitted,

Robert K. Hur
United States Attorney

By: _/s/ Leo J. Wise_

Leo J. Wise
Derek E. Hines
Assistant United States Attorneys

Dated: November 12, 2019

## CERTIFICATE OF SERVICE

I hereby certify that this filing was served on defense counsel via ECF electronic filing.

By: _/s/ Leo J. Wise_

Leo J. Wise
Assistant United States Attorney

---

[1] There is ordinarily no legitimate governmental interest served by the government's public allegation of wrongdoing by an uncharged party. *See, e.g., In re Smith*, 656 F.2d 1101, 1106-07 (5th Cir. 1981). Courts have applied this reasoning to preclude the public identification of unindicted third-party wrongdoers in plea hearings, sentencing memoranda, and other government pleadings. *See, e.g., Finn v. Schiller*, 72 F.3d 1182 (4th Cir. 1996); *United States v. Briggs*, 513 F.2d 794 (5th Cir. 1975); *United States. v Anderson*, 55 F.Supp.2d 1163 (D. Kan 1999); *United States v. Smith*, 992 F. Supp. 743 (D.N.J. 1998).